UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RONALD WILLIAMS                              *        CIVIL ACTION

versus                                       *        NO. 07-6797

ALLSTATE INDEMNITY COMPANY                   *        SECTION "F"


ORDER AND REASONS

Before the Court is defendant's Motion for Summary Judgment.  For the reasons that follow, the motion is GRANTED.

**Background**

This is a Hurricane Katrina homeowners insurance claim.  The plaintiff purchased homeowners insurance with the defendant, which was in effect at the time Hurricane Katrina struck the Gulf Coast. The policy has a windstorm exclusion:

> **Windstorm or Hail Exclusion**
>
> For a reduction in premium:
>
> **We** do not cover any loss to any property covered by this policy caused by or consisting of Windstorm or Hail.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> **We** do cover sudden and accidental direct physical loss caused by fire or explosion resulting from Windstorm or Hail.

1

> This exclusion does not apply to **Section
> I - Your Property, Additional Protection**
> coverage, item 1.a) and 1.c) under **Additional
> Living Expense**.

The plaintiff's home was damaged during Katrina, and he filed a claim with Allstate on September 3, 2005. After Allstate's adjuster issued a loss report, Allstate paid the plaintiff $4,547.54 for his "windstorm loss [to] the dwelling and other structures that occurred on 9-27-05," plus an additional $5,000 for his living expenses. The plaintiff disputed the scope and amount of loss paid by Allstate and filed suit in state court, alleging that his residence sustained severe wind and rain damage and that Allstate owed him more under the policy.

Allstate removed to federal court on October 12, 2007 and filed its answer on November 5, 2007. In its answer, Allstate pleads 51 defenses, including pleading the entire policy in the fourth defense: "Plaintiff's claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of Allstate's homeowners policy as set forth in the policy, and any policy issued by Allstate is the best evidence of its terms and limitations and is pled herein as if copied *in extenso*." Allstate went on to specifically mention at least eleven specific policy coverage exclusions, but did not mention the Windstorm or Hail exclusion specifically in its answer.

Allstate moves for summary judgment, invoking the Windstorm or Hail exclusion. It claims that there is no dispute the plaintiff's

damages were caused by a windstorm, and they are therefore excluded under the policy. Allstate contends that it did not waive the exclusion by failing to mention it specifically in its answer because (1) pleading the policy in its entirety is sufficient to assert all exclusions therein; (2) the plaintiff raised the issue of coverage in the complaint; thus, the point is, the policy exclusions do not raise new issues and are, therefore, not affirmative defenses; and, finally, (3) the plaintiff would not be prejudiced if this Court enforces the insurance policy as written, particularly because the discovery period was still open at the time Allstate filed this motion.

The plaintiff urges that Allstate waived the Windstorm or Hail defense because this exclusion is an affirmative defense that must be specifically pleaded in the answer. He argues that Allstate failed to do so and that pleading the policy in its entirety is not sufficient. The plaintiff also asserts that Allstate waived the defense through its claims handling process, because it issued checks to the plaintiff for wind damage under the policy. To complete matters, the plaintiff states that he will be prejudiced if the Court allows this defense, which Allstate failed to raise in the three and a half years since the loss and the one and a half years since the case was filed, and which it is only now asserting some two months before trial.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not

qualify as competent opposing evidence.  <u>Martin v. John W. Stone</u>
<u>Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in
evaluating the summary judgment motion, the court must read the
facts in the light most favorable to the non-moving party.
<u>Anderson</u>, 477 U.S. at 255.

II.

Rule 8(c) of the Federal Rules of Civil Procedure requires
affirmative defenses to be set forth in a defendant's responsive
pleading; failure to do so "usually results in a waiver."
<u>Arismendez v. Nightingale Home Health Care, Inc.</u>, 493 F.3d 602, 610
(5th Cir. 2007).  "Where the matter is raised in the trial court in
a manner that does not result in unfair surprise, however,
technical failure to comply precisely with Rule 8(c) is not fatal."
<u>Id.</u>  Therefore, a defendant does not waive the defense if it is
raised at a "pragmatically sufficient time and the plaintiff was
not prejudiced in its ability to respond."  <u>Id.</u>  A defendant may
not, however, "'lie behind a log' and ambush a plaintiff with an
unexpected defense."  <u>Ingraham v. United States</u>, 808 F.2d 1075,
1079 (5th Cir. 1987).

While the Federal Rules of Civil Procedure govern the manner
and time in which defenses should be raised, and when waiver
occurs, substantive state law determines what constitutes an
affirmative defense.  Exclusions from a policy of insurance have
been held to be affirmative defenses under Louisiana law.  See <u>Aunt</u>

<u>Sally's Praline Shop, Inc. v. United Fire & Casualty Co.</u>, No. 06-7674, 2008 WL 2517137, at *2 (E.D. La. June 20, 2008), <u>Griffin v. Schwegmann Brothers Giant Supermarkets, Inc.</u>, 542 So. 2d 710, 714 (La. Ct. App. 1989).

The Louisiana Supreme Court addressed this issue recently in <u>Sher v. Lafayette Insurance Company</u>, 07-2441, p. 23 (La. 4/8/08); 988 So. 2d 186, 204. The high court acknowledged that "Louisiana appellate courts have for decades required that exclusions to insurance contracts be specifically pleaded as affirmative defenses." <u>Id.</u> It noted that an affirmative defense must raise a new matter and not merely respond to issues raised in the plaintiff's own petition. <u>Id.</u> It determined that the insurance policy exclusions in <u>Sher</u> were not affirmative defenses because the plaintiff had broadly stated in his petition that "an all risk policy creates a special type of coverage extending to every conceivable loss or damage, unless clearly, specifically and expressly excluded therein." <u>Id.</u> Because the plaintiff's petition specifically raised the policy exclusions, they were not new matters, and therefore not affirmative defenses. <u>Id.</u> The high court also pointed out that the defendant insurance company "did plead 'all . . . exclusions . . . under the policy,' including the defenses at issue," but declined to decide the issue of whether exclusionary contract provisions must be specifically pleaded. <u>Id.</u> at 204 n.5. Left open was the question of whether it is sufficient

for an insurance company to plead the entire contract, or whether exclusions must be discretely and specifically pleaded as affirmative defenses. Balanced against that still-open issue, however, is the Fifth Circuit's utilitarian recognition of the prejudice factor.

III.

Here, the plaintiff only contends that Allstate has waived the Windstorm or Hail exclusion of the policy for failure to plead it as an affirmative defense; he does not argue that the exclusion is invalid as written or would have been otherwise unenforceable if properly pleaded. Therefore, this Court must determine whether the exclusion is an affirmative defense, and if so, whether Allstate waived the exclusion (and whether any prejudice to plaintiff occurs, since one presumes plaintiff knew of the provisions of his policy).

The plaintiff did not specifically raise the issue of policy exclusions in his petition; he never mentioned the possibility that policy exclusions could be an issue. This is in contrast to the petition in Sher, in which the plaintiff specifically referred to policy exclusions and challenged their validity by asserting they must be "clearly, specifically and expressly excluded" in an insurance contract. The court in Sher carved out a slim exception, stating that "[i]n this specific case, the exclusions are not affirmative defenses." Id. (emphasis added). The exclusion in

7

this case raises a new matter and is an affirmative defense.

The Court must now examine whether Allstate sufficiently pleaded the exclusion in its answer, or if it did not, whether it asserted the exclusion in time so that the plaintiff was not prejudiced.  It is unclear why Allstate specifically referred to eleven exclusions to the insurance policy but neglected to plead the exclusion that is the basis of this motion.  However, whether or not Allstate's pleading of the entire policy is sufficient to constitute an affirmative defense of this particular exclusion,[1] Allstate did put the plaintiff on notice of the exclusion more than two months before trial, and with almost a month of discovery left.[2]  The Fifth Circuit has stated that an affirmative defense is

---

[1] The Louisiana Supreme Court in <u>Sher</u> declined to decide the issue of whether pleading the entire insurance policy in an answer was sufficient to raise the affirmative defense; because it is not necessary to the outcome of this case, this Court also declines to make such a determination in the face of a split in the state circuit courts.

[2] This case is distinguished from two other cases in this district, in which the courts found that the plaintiffs were unfairly prejudiced by the defendant's delay in pleading the affirmative defenses. In <u>Henry's Marine Service, Inc. v. Fireman's Fund Insurance Co.</u>, the defendant sought to add a policy exclusion as a defense less than one week before trial, after failing to plead the defense four times and after the court had already ruled on the issue of policy coverage in cross-motions for summary judgment.  No. 02-3682, 2004 WL 242292, at *4 (E.D. La. Feb. 5, 2004).  Even though the court in <u>Henry's Marine</u> noted that "an insurance company may not simply rely on a conclusory allegation that somewhere in its 'entire policy' a defense to suit may exist," the court's holding was based upon the delay by the defendant and prejudice to the plaintiff.  In <u>Aunt Sally's Praline Shop</u>, the defendant did not provide notice of its intent to rely on a policy exclusion until the pretrial inserts, after the discovery period

not waived if it "the plaintiff was not prejudiced in its ability to respond." It is notable that in the more than a month since this motion was filed, the plaintiff wholly failed to attack the validity of the exclusion in either of his two responsive pleadings. The Court finds that the plaintiff was not prejudiced in its ability to respond to Allstate's defense. In fact, the plaintiff did respond, twice, and he had an opportunity to conduct discovery on the issue, if he so chose.

The Court is also not persuaded by the plaintiff's argument that Allstate waived its defense through its claims handling process. An insurer does not, by virtue of making a payment on a claim, waive the right to assert coverage defenses. Stokes v. Allstate Indem. Co., No. 06-1053, 2007 WL 1875847, at *3 (E.D. La. June 28, 2007) (citing Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 271 (5th Cir. 2003)).

Since Allstate did not waive its right to assert the windstorm or hail exclusion as a defense to coverage, and the plaintiff offers no argument as to why this exclusion should not be enforced, this Court finds that the exclusion applies to the plaintiff's claims.

Accordingly, the defendant's motion is GRANTED. The

---

had closed. 2008 WL 2517137, at *3. The court noted that the plaintiff did not have the opportunity to develop evidence to oppose the exclusion. Id. This Court also takes note of the fact that the prominence of the policy exclusions in plaintiff's policy make any finding of prejudice problematical.

plaintiff's claims for windstorm damage are hereby dismissed.

New Orleans, Louisiana, March 19, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE